**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| PAUL RUNNELS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| STATE OF KANSAS, | ) |
| | ) |
|     Defendant. | ) |

**COMPLAINT**

Plaintiff Paul Runnels states as follows for his causes of action against Defendant State of Kansas.

1. Plaintiff Paul Runnels is a male resident of Larned, Kansas.

2. Defendant State of Kansas operates the Department of Corrections (DOC) and the Department for Aging And Disability Services (DAADS). Defendant may be served through the Attorney General of the State of Kansas.

3. This case arises under 42 U.S.C. §2000e, et seq. (Title VII of the Civil Rights Act of 1964, as amended, or Title VII) making jurisdiction appropriate in this court.

4. Plaintiff is a current employee of defendant, working for the

1

Department of Corrections. He has been employed by Defendant State of Kansas since 2000.

5.     The Department for Aging and Disability Services, operates Larned State Hospital (LSH) in Larned, Kansas which is a state psychiatric hospital providing mental health treatment to plaintiff.

6.     Department of Corrections employees, like plaintiff, were allowed to "volunteer" for work at LSH. Plaintiff volunteered for work at LSH prior to September 26, 2024. This was a significant benefit for plaintiff, who lived in Larned, Kansas, and was able to earn thousands of dollars per month in overtime "volunteering" for work at LSH.

7.      While working at LSH, plaintiff was paid by Defendant State of Kansas. His work at LSH was, at all times, controlled and supervised State of Kansas DAADS employees. DAADS employees had the authority to hire, fire, discipline, and remove DOC employees from LSH.

8.     At all times, plaintiff was employed by the State of Kansas, working in these two departments. To the extent the cabinet-level departments are themselves entities capable of being sued, they act as joint or integrated employers with the State of Kansas, jointly controlling all aspects of the work and employment conditions.

9.     Defendant and its employees subjected Plaintiff to sexual harassment, sex discrimination and race discrimination, and unlawful retaliation. resulting in the termination of his volunteer employment at LSH.

10.    Defendant committed the tortious actions described herein in the District of Kansas such that venue is proper in this court.

11.    On October 1, 2024, plaintiff filed a Charge of Discrimination against Defendant State of Kansas with the EEOC alleging Sex, Race, and Color Discrimination and Retaliation. The claims in this lawsuit arise of the same facts alleged in the Charge of Discrimination.

12.    On April 30, 2025, plaintiff was issued a Notice of Right to Sue by the United States Department of Justice on his Charge of Discrimination.

13.    This matter is within 90 days of the issuance and receipt of the Notice of Right to Sue.

14.    All administrative prerequisites to this action have been satisfied and plaintiff exhausted all administrative remedies.

15.    Plaintiff performed his job to the best of his ability and satisfactorily met the legitimate job expectations of defendant.

## COUNT I – TITLE VII – SEX DISCRIMINATION

16.    Plaintiff incorporates by reference the preceding paragraphs of

3

this Complaint.

17.    On September 26, 2024, plaintiff was removed from LSH and barred from volunteering for work at LSH because of his sex.

18.    Plaintiff was subjected to sexual harassment by a female coworker. This coworker engaged in flirtatious banter, made sexual comments and propositions and touched plaintiff inappropriately.

19.    The harassment was based on plaintiff's sex, was unwelcome, was severe or pervasive and affected the terms and conditions of plaintiff's employment.

20.    Defendant knew or should have known of the harassment but failed to take prompt remedial action.

21.    Instead, defendant State of Kansas removed plaintiff from LSH and barred him from working at LSH resulting in a tangible loss of salary and benefits.

22.    Plaintiff was accused of misconduct by this same coworker. The accusations were untrue.

23.    Upon information and belief, female employees, including this coworker, were accused of misconduct, and were treated much more favorably by defendant and were not terminated or removed for such alleged acts.

4

24.    Plaintiff's sex was a determining factor in the decision to remove plaintiff from LSH and bar him from working at LSH.

25.    Defendant later acknowledged that plaintiff did not engage in these alleged acts; he was not disciplined by DOC.

26.    Defendant's stated reasons for the employment decisions were untrue, unbelievable, and pretextual.

27.    As a direct and proximate result of Defendant's unlawful employment practices described herein, Plaintiff sustained damages in the form of lost salary and emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish.

WHEREFORE, Plaintiff prays for judgment against Defendant for actual damages including lost salary, attorney's fees and costs incurred herein, and for such other relief as the court deems just and proper including reinstatement or other equitable relief.

## COUNT II – TITLE VII – RETALIATION

28.    Plaintiff incorporates by reference the preceding paragraphs of this Amended Complaint.

29.    On September 26, 2024, plaintiff was removed from LSH and barred from volunteering for work at LSH by Defendant State of Kansas

DAADS because of his complaints of sexual harassment.

30.    Plaintiff was subjected to sexual harassment by a female coworker. This coworker engaged in flirtatious banter, made sexual comments and propositions and touched plaintiff inappropriately.

31.    Plaintiff objected to this sexual harassment and complained to Defendant's management employees at LSH.

32.    Within days Defendant removed plaintiff from LSH and barred him from working at LSH.

33.    Plaintiff was accused of misconduct by this same coworker. The accusations were untrue and were made in retaliation for plaintiff's complaints.

34.    Plaintiff's complaint of sexual harassment was a determining factor in the decision to remove plaintiff from LSH and bar him from working at LSH.

35.    Defendant later acknowledged that plaintiff did not engage in these alleged acts; he was not disciplined by DOC.

36.    Defendant's stated reasons for the employment decisions were untrue, unbelievable, and pretextual.

37.    As a direct and proximate result of Defendant's unlawful

employment practices described herein, Plaintiff sustained damages in the form of lost salary and emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish.

WHEREFORE, Plaintiff prays for judgment against Defendant for actual damages including lost salary, attorney's fees and costs incurred herein, and for such other relief as the court deems just and proper including reinstatement or other equitable relief.

## COUNT III – TITLE VII –– RACE DISCRIMINATION

38. Plaintiff incorporates by reference the preceding paragraphs of this Complaint.

39. On September 26, 2024, plaintiff was removed from LSH and barred from volunteering for work at LSH because of his race.

40. Plaintiff was accused of misconduct by a coworker. The accusations were untrue.

41. Upon information and belief, white employees, were accused of misconduct, and were treated much more favorably by defendant and were not terminated or removed for such alleged acts.

42. Plaintiff's race was a determining factor in the decision to remove plaintiff from LSH and bar him from working at LSH.

7

43. Defendant later acknowledged that plaintiff did not engage in these alleged acts; he was not disciplined by DOC.

44. Defendant's stated reasons for the employment decisions were untrue, unbelievable, and pretextual.

45. As a direct and proximate result of Defendant's unlawful employment practices described herein, Plaintiff sustained damages in the form of lost salary and emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish.

WHEREFORE, Plaintiff prays for judgment against Defendant for actual damages including lost salary, attorney's fees and costs incurred herein, and for such other relief as the court deems just and proper including reinstatement or other equitable relief.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Wichita, Kansas as the place of trial.

**THORNBERRY BROWN, LLC**

By:     /s/Stephen C. Thornberry
        Stephen C. Thornberry        KS #17494
        s*teve@ThornberryBrown.com*
        Randall W. Brown             KS #17905
        *randy@ThornberryBrown.com*
        4550 Main Street, Suite 205
        Kansas City, Missouri 64111
        (816) 531-8383 *telephone*
        (816) 531-8385 *facsimile*
        ATTORNEYS FOR PLAINTIFF