# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

PAUL RUNNELS,

                  *Plaintiff,*

v.

                                      Case No. 25-1104-EFM-TJJ

STATE OF KANSAS,

                  *Defendant.*

## MEMORANDUM AND ORDER

Plaintiff Paul Runnels brings this Title VII employment discrimination suit against Defendant the State of Kansas alleging that he was subjected to sex discrimination, retaliation, and race discrimination. Plaintiff is employed by the State of Kansas through the Kansas Department of Corrections ("KDOC"), and his claims of discrimination arise out of work he performed at the Larned State Hospital ("LSH") for the Kansas Department for Aging and Disability Service ("KDADS"). The State's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 11) argues that this suit should be dismissed for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1) and for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). For the reasons stated herein, the Court grants in part and denies in part the State's Motion to Dismiss.

## I.      Factual and Procedural Background[1]

Plaintiff is an African American male and is currently employed by the State through KDOC. He has been employed with KDOC since 2000. KDADS operates LSH, a state psychiatric

---

[1] The facts are taken from Plaintiff's First Amended Complaint and are considered true for purposes of this Order.

hospital in Larned, Kansas. KDOC and KDADS are agencies of the State. All employees at KDOC, KDADS, and LSH are employed by the State.

KDOC employees, like Plaintiff, are allowed to "volunteer" at LSH in exchange for overtime pay. Prior to September 26, 2024, Plaintiff took advantage of this arrangement and earned thousands of dollars a month volunteering at LSH for overtime paid by the State.

While working at LSH, Plaintiff was subjected to sexual harassment by a female coworker. This coworker engaged in flirtatious banter, made sexual comments and propositions toward Plaintiff, and touched him inappropriately. Plaintiff complained of the sexual harassment to the State's management employees.

This same female coworker who sexually harassed Plaintiff accused him of misconduct. The accusations were untrue. The State, through KDOC, has since acknowledged that Plaintiff did not engage in the alleged misconduct. Other female and white coworkers have been accused of similar acts of misconduct.

On September 26, 2024, just days after he had made the sexual harassment complaint, the State removed Plaintiff from LSH and barred him from volunteering for overtime pay at LSH. The other female and white employees who were accused of misconduct were not terminated or removed from their positions at LSH.

Plaintiff filed this suit on May 21, 2025, and amended his Complaint on August 21, 2025. He alleges that his sex, race, and his complaint of sexual harassment were determining factors in the State's decision to remove him from LSH. The State filed the present Motion to Dismiss on September 4, 2025. The matters are fully briefed and ripe for the Court's ruling.

## II.    Legal Standard

Under Rule 12(b)(1), a defendant may move to dismiss a claim for lack of subject-matter jurisdiction.[2] Federal courts are courts of limited jurisdiction, and a presumption exists against exercising jurisdiction over a case.[3] The party asserting jurisdiction bears the burden of establishing its existence.[4] Thus, the Court may exercise jurisdiction only when specifically authorized to do so and must dismiss a claim if it becomes apparent at any stage of the proceedings that it lacks jurisdiction.[5] The party asserting jurisdiction has the burden of establishing subject matter jurisdiction.[6]

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[7] Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"[8] A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[9] The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of claims as well as the grounds on which each claim rests.[10] Under Rule

---

[2] Fed. R. Civ. P. 12(b)(1).

[3] *See In re Syngenta AG MIR 162 Corn Litig.*, 61 F.4th 1126, 1170 (10th Cir. 2023) (citations omitted).

[4] *Id.*

[5] *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 906 F.3d 926, 931 (10th Cir. 2018).

[6] *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008).

[7] Fed. R. Civ. P. 12(b)(6).

[8] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[9] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[10] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

12(b)(6), the court must accept as true all factual allegations in the complaint, but need not afford

such a presumption to legal conclusions.[11] "Threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice."[12]

### III.    Analysis

### A.    Rule 12(b)(1)

The State moves to dismiss Plaintiff's claims under Rule 12(b)(1) arguing that it is immune

from Plaintiff's suit. Indeed, "[t]he Eleventh Amendment guarantees that 'nonconsenting States

may not be sued by private individuals in federal court.'"[13] But Congress has the power to abrogate

Eleventh Amendment Immunity under Section 5 of the Fourteenth Amendment.[14] And "[i]n

*Fitzpatrick v. Bitzer,* the Supreme Court held that Congress, by amending Title VII in 1972 to

include state and local governments as 'employers,' expressed a clear intention to abrogate the

states' Eleventh Amendment immunity."[15] This abrogation extends to discrimination and

retaliation claims brought under Title VII.[16]

The State argues that Plaintiff's claims should be dismissed because Plaintiff is not one of

its employees, but rather an employee of KDOC. Because the State does not consider Plaintiff one

of its employees, he cannot invoke the protections of Title VII against it. Therefore, in the State's

view, the Court lacks jurisdiction over Plaintiff's claims. Plaintiff responds that he has sufficiently

---

[11] *Iqbal*, 556 U.S. at 678–79.

[12] *Id.* at 678.

[13] *Crumpacker v. Kan. Dep't of Hum. Res.*, 338 F.3d 1163, 1168–69 (10th Cir. 2003) (quoting *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001)).

[14] *Id.* at 1169.

[15] *Id.* at 1169 (citing *Fitzpatrick v. Bitzer*, 427 U.S. 445, 449 n.2 (1976)).

[16] *Id.* at 1172.

alleged that he is an employee of the State working for KDOC. In the alternative, Plaintiff alleges that KDOC and KDADS are joint employers and both fall under the larger umbrella of the State as State agencies.

But whether Plaintiff is an employee of the State, KDOC, KDADS, or some combination thereof is a different question than whether the State—or its agencies—can be subject to claims brought under Title VII. The former question does not appear to be easily answered from the parties' briefings. Fortunately, the Court does not need to definitively decide which entity is Plaintiff's employer because the answer to that question has no bearing on the latter question. And the latter question is much easier to answer: yes, the State and its agencies can be sued by its employees under Title VII.[17] Accordingly, because Plaintiff alleges that he is an employee of the State or its agencies, this Court has jurisdiction over Plaintiff's claims.

**B.    Rule 12(b)(6)**

Plaintiff's suit presents three Title VII claims: sex discrimination, retaliation, and race discrimination. The State contends that Plaintiff does not plausibly plead facts to support these claims but rather only makes conclusory allegations.

A plaintiff can prove a Title VII case either through direct evidence or through the three-step burden-shifting framework[18] of *McDonnell Douglas Corporation v. Green*.[19] Plaintiff offers no direct evidence of discrimination, so the Court will look to the *McDonnell Douglas* framework.

---

[17] *Id.* at 1169.

[18] *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012).

[19] 411 U.S. 792 (1973).

The first of the three steps requires Plaintiff to make a prima facie case of discrimination.[20] If made, the State must offer a legitimate non-discriminatory reason for the employment action.[21] If provided, the burden shifts back to Plaintiff to show that the proffered reason was pretextual.[22] "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim."[23] The Court will address each of Plaintiff's claims by turning to the prima facie case for each of Plaintiff's claims.

1.    *Sex Discrimination*

Plaintiff's sex discrimination claim proceeds upon two theories of liability: sexual harassment and disparate treatment. Each theory of liability is assessed below.

a.    Sexual Harassment

Title VII prohibits subjecting an employee to a hostile work environment through sexual harassment.[24] To make a prima facie case of hostile work environment, Plaintiff must show "(1) that [he] was discriminated against because of [his] sex; and (2) that the discrimination was sufficiently severe or pervasive such that it altered the terms or conditions of [his] employment and created an abusive working environment."[25]

---

[20] *Khalik*, 671 F.3d at 1192.

[21] *Id.*

[22] *Id.*

[23] *Id.*

[24] *Dick v. Phone Directories Co., Inc.*, 397 F.3d 1256 (10th Cir. 2005).

[25] *Delsa Brooke Sanderson v. Wyo. Highway Patrol*, 976 F.3d 1164, 1174 (10th Cir. 2020) (quotation omitted).

Plaintiff avers that a female employee engaged in flirtatious behavior, made sexual comments and propositions toward him, and touched him inappropriately. This is conduct from which an inference of sex discrimination is typically drawn.[26]

However, Plaintiff states no facts to support the second prong of this theory of liability. Rather, to the extent Plaintiff's Complaint addresses this prong at all, it states, "[t]he harassment as based on plaintiff's sex, was unwelcome, was severe or pervasive and affected the terms and conditions or plaintiff's employment."[27] This nearly verbatim recital of the legal standard's second prong is properly categorized as a legal conclusion rather than a factual averment. Without any additional facts to support this claim, the Court must dismiss this theory of liability for failure to plausibly state a claim.

### b.    Disparate Treatment

"Disparate-treatment cases present the most easily understood type of discrimination, and occur where an employer has treated a particular person less favorably than others because of a protected trait."[28] To prevail on this type of claim: "a plaintiff must demonstrate: '(1) he was a member of a protected class; (2) he was qualified and satisfactorily performing his job; and (3) he was terminated under circumstances giving rise to an inference of discrimination.'"[29] The State does not appear to challenge whether Plaintiff has sufficiently alleged facts to support the first two prongs. Rather, the State contends that Plaintiff has not made sufficient factual averments to meet

---

[26] *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998) ("Courts and juries have found the inference of discrimination easy to draw in most male-female sexual harassment situations, because the challenged conduct typically involves explicit or implicit proposals of sexual activity.").

[27] Doc. 9 at 7.

[28] *Ricci v. DeStefano*, 557 U.S. 557, 577 (2009) (citations, internal quotations, and alterations omitted).

[29] *Barlow v. C.R. England, Inc.*, 703 F.3d 497, 505 (10th Cir. 2012) (quoting *Salguero v. City of Clovis*, 366 F.3d 1168, 1175 (10th Cir. 2004)).

the third prong. A plaintiff can establish "the third prong in various ways, such as 'actions or remarks made by decisionmakers,' 'preferential treatment given to employees outside the protected class,' or 'more generally, upon the timing or sequence of events leading to plaintiff's termination.'"[30]

Here, aside from a general statement that "sex was a determining factor" that led the State to remove him from LSH, Plaintiff alleges that "female employees, including [the female coworker who sexually harassed Plaintiff], were accused of similar acts of misconduct, were treated much more favorable by [the State], and were not terminated or removed for such alleged acts."[31] But Plaintiff's allegations are too conclusory to permit a reasonable inference of differential treatment. Plaintiff does not even attempt to describe what the misconduct was, when his or the others' alleged misconduct occurred, or whether the employees that were treated more favorably than him were similarly situated to Plaintiff.[32] Plaintiff's threadbare legal conclusions are not a sufficient statement of facts giving rise to a reasonable inference of discrimination. Accordingly, the Court dismisses Plaintiff's disparate treatment sex discrimination claim.

### 2.    Retaliation

To state a case for retaliation under Title VII, "a plaintiff must show '(1) that he engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the

---

[30] *Id.* (quoting *Plotke v. White*, 405 F.3d 1092, 1100 (10th Cir. 2005)).

[31] Doc. 9 at 7.

[32] *See Bekkem v. Wilkie*, 915 F.3d 1258, 1275 (10th Cir. 2019) ("A plaintiff's assertion that she is 'similarly situated' to other employees is "just a legal conclusion—and a legal conclusion is never enough."" (quotation omitted)). The *Bekkem* court eventually concluded that "[w]ith no additional details, [plaintiff's] conclusory assertion that physicians who did not share in one or more of her protected characteristics went unpunished for sending 'similar' emails is insufficient to 'indicate that racial [or other] discrimination was the plausible, rather than just the possible reason' for her reprimand." *Id.*

challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action.'"[33]

Plaintiff alleges facts sufficient to state his retaliation claim. He states that he complained of the sexual harassment to the State's management employees. Although lacking any other detail, accepting this as true, it establishes that Plaintiff engaged in a protected opposition to discrimination, satisfying the first prong. Second, the Tenth Circuit liberally defines the phrase "adverse employment action."[34] As such, Plaintiff being removed and barred from LSH prevents him from earning overtime pay. This is appropriately considered an adverse employment action. Finally, "Tenth Circuit precedent allows the court to 'infer retaliatory motive from a close temporal proximity between an employee's protected conduct and an employer's adverse employment action.'"[35] Because Plaintiff alleges that "within days" of objecting to and complaining of sexual harassment, he was removed from LSH, Plaintiff has alleged facts sufficient to infer a retaliatory motive. Although scarce on detail, Plaintiff's factual averments give rise to the reasonable inference that Plaintiff's removal and barring from LSH was retaliatory.

### 3. Race Discrimination

Plaintiff's race discrimination claim is subject to the same standard as his disparate treatment sex discrimination claim. He must show he belonged to a protected class, that he was qualified and satisfactorily performing his job, and that he suffered an adverse employment action under circumstances giving rise to an inference of unlawful discrimination.[36]

---

[33] *Khalik*, 671 F.3d at 1193 (10th Cir. 2012) (quoting *Twigg v. Hawker Beechcraft Corp.*, 659 F.3d 987, 998 (10th Cir. 2011) (alterations omitted)).

[34] *Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1178 (10th Cir. 1999).

[35] *Little v. Gray Media Grp., Inc.*, 790 F. Supp. 3d 1195, 1239 (D. Kan. 2025) (citing *Hinds v. Sprint/United Mgmt. Co.*, 523 F.3d 1187, 1204 (10th Cir. 2008)).

[36] *Barlow*, 703 F.3d at 505.

Here, Plaintiff's claim fails on the last prong. Similar to his sex discrimination claim, his race discrimination claim is lacking in facts and depends on conclusory allegations. The entirety of his factual averment states "[u]pon information and belief, white employees, were accused of misconduct, and were treated much more favorably by [the State] and were not terminated or removed for such alleged acts."[37] As stated above, threadbare legal conclusions like this are not sufficient to state a claim of discrimination.[38]

## C.    Request to Amend

Plaintiff makes a request to amend his First Amended Complaint. Plaintiff has already amended his Complaint in response to the State's first motion to dismiss.[39] But he gives short shrift to his present request. Plaintiff's request—in its entirety—states: "[a]lternatively, plaintiff should be allowed leave to Amend to cure any remaining defects." This "single sentence, lacking a statement for the grounds for amendment and dangling at the end of [his] memorandum, [does] not rise to the level of a motion for leave to amend."[40] Accordingly, to the extent Plaintiff's last sentence is construed as a request for leave to amend, the Court denies it.

---

[37] Doc. 9 at 10.

[38] *Iqbal*, 556 U.S. at 678.

[39] *See* Doc. 5; Doc 9.

[40] *Calderon v. Kan. Dep't. of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1187 (10th Cir. 1999).

**IT IS THEREFORE ORDERED** that the State of Kansas's Motion to Dismiss Plaintiff's First Amended Complaint is **GRANTED in part and DENIED in part**.

**IT IS SO ORDERED**.

Dated this 12th day of February 2026.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE